IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | D.C. No. 1:06-CR-130 AWI |
| ) | |
| Plaintiff-Appellee, ) | ]Mag. No. 04-MJ-140 WMW] |
| ) | |
| v. ) | |
| ) | |
| SEAN P. DIX, ) | ORDER ON APPELLANT'S APPEAL OF SENTENCE |
| ) | |
| Defendant-Appellant. ) | |

This is an appeal from a sentence of 12 months court probation and a $500 fine for driving with a suspended license in Yosemite National Park. The sentence was imposed by the Yosemite Magistrate Judge. On February 9, 2006, this Court affirmed the Magistrate Judge's denial of Dix's suppression motion. On March 14, 2006, the Magistrate Judge sentenced Dix to 12 months probation and a $500 fine. On March 28, 2006, the Magistrate Judge denied Dix's motion to reduce sentence based on an illegal sentence. Dix now appeals the denial of the motion to reduce sentence. For the reasons that follow, the Court will reverse the sentence.

## SCOPE OF REVIEW

An appeal from a criminal conviction imposed by a Magistrate Judge lies with a "judge of the district court and must first be brought in the district court before prosecution in the court of appeals." United States v. Soolook, 987 F.2d 574, 575 (9th Cir. 1993); see also 18 U.S.C. § 3402. The district court's review of the magistrate's judgment is governed by the same standards

as an appeal from a judgment of a district court to the court of appeals. Fed. R. Crim. P. 58(g)(2)(D); United States v. McFarland, 369 F.Supp.2d 54, 56-57 (D. Me. 2005); United States v. Fautanu, 751 F.Supp. 1420, 1421 (D. Haw. 1990); United States v. Ramirez, 555 F.Supp. 736, 738-739 (E.D. Cal. 1983). In other words, the district court "is to apply the same scope of review as a United States Circuit Court of Appeals would apply in considering an appeal of a judgment from a United States District Court." United States v. Charrington, 285 F. Supp. 2d 1063, 1066 (S.D. Ohio 2003). A lower court's interpretation of the probation statutes is reviewed *de novo*. See United States v. Silver, 83 F.3d 289, 291 (9th Cir. 1996); United States v. Duff, 831 F.2d 176, 177 (9th Cir. 1987). A lower court's assumption of jurisdiction to modify or revoke probation under 18 U.S.C. § 3563 is also reviewed *de novo*. See United States v. Freeman, 922 F.2d 1393, 1394 (9th Cir.1991); United States v. Daly, 839 F.2d 598, 599-600 (9th Cir. 1988).

## BACKGROUND

In August 2004, Dix was issued a citation for driving with a suspended license in Yosemite National Park. On January 19, 2005, the Magistrate Judge denied Dix's motion to suppress. See January 19, 2005 Transcript at 50.[1] On the same day, Dix entered a conditional guilty plea and the Magistrate Judge imposed a sentence. See id. at 52-56. The Magistrate Judge sentenced as follows:

> All right. Then by way of sentence, inasmuch as I will need some jurisdiction over you to collect the fine, if it ever becomes due, I'm going to place you on probation. This will be informal, non-reporting probation. It will be for a 12-month period. I do have the authority to extend that if the fine isn't paid. So if for some reason your appeal isn't perfected at the end, I may have to extend that.
>
> The rules and the conditions of probation will be that you obey all laws, that you not operate a motor vehicle unless you are properly licensed, and unless the vehicle is properly insured and registered, and you will pay a fine - - I'll just make it an even $510, I'll make the fine 490 plus the mandatory assessment of 10 for a total of $500.

---

[1] The transcript of the January 19, 2005, hearing is Document No. 21 of the Court's Docket in case number CR -F-05-0028. Both parties refer and cite to the proceedings of January 19, 2005. The Court takes judicial notice of the docket of case number CR -F-05-0028. Fed. R. Evid. 201; United States v. Wilson, 631 F.2d 118, 119 (1980 9th Cir. 1980).

> I will stay payment of that fine until such time as your appeal has been perfected. In the event your appeal is successful, the fine will be set aside. If your appeal is not successful, then I will expect you to commence paying that fine forthwith upon the completion of your appeal. And I can tell you now, you won't be taken off probation until the fine is paid if your appeal is unsuccessful.

Id. at 54.

Dix filed his appeal of the suppression ruling on January 27, 2005, and this Court affirmed the suppression ruling on February 9, 2006. On March 14, 2006, the Magistrate Judge stated that the appeal was unsuccessful, that "the sentence previously imposed was stayed during the pendency of the appeal," that the sentence imposed on January 19, 2005, was "now imposed," that "all stays are lifted," that the sentence was 12 months court probation with a $500 fine, and finally that probation would "not terminate until the fine is paid in full." Transcript of March 14, 2006, Hearing at p. 1. Accordingly, the Magistrate Court again sentenced Dix to a $500 fine and 12 months probation. Shortly thereafter, Dix filed a motion to reduce sentence based on an illegal sentence, specifically, that Dix had already completed 12 months probation. On March 28, 2006, the Magistrate Judge denied Dix's motion to reduce sentence. See Transcript of March 28, 2006 Hearing at pp. 10-11. The Magistrate Judge read the January 19, 2005 order as placing Dix on probation and telling Dix that he would not be taken off probation until the $500 was paid. See id. The Magistrate Judge then "extend[ed] probation" for 10 months, directed Dix to pay $50 per month, and made each $50 payment a condition of probation. See id. The Magistrate Judge stated that he gave Dix "the chance to stay the grant of probation until such time as the appeal was perfected, and I, at [Dix's counsel's] request stayed the payment of the fine as well . . . ." Id. at 11.

Dix now appeals the denial of his request to reduce sentence by vacating the term of probation. Dix does not challenge the imposition of the $500 fine.

## CONTENTIONS

**Appellant's Argument**

Dix argues that on January 19, 2005, he was sentenced to 12 months probation and a

$500 fine. Imposition of the fine was expressly stayed, but the 12 month probationary period was not. By March 14, 2006, Dix had already completed the probationary period, which ended on January 18, 2006. On March 14, 2006, the Magistrate Judge extended the term of probation. However, because probation had already ended, the Magistrate Judge did not have the authority to so extend the probation. 18 U.S.C. § 3563 allows a court to modify, reduce, or enlarge the conditions of a sentence of probation at any time prior to the expiration or termination of the term of probation, it does not permit enlargement or modification after a term of probation has expired. Further, 18 U.S.C. § 3564 states that probation commences on the day a sentence of probation is imposed, unless otherwise ordered by the court, and allows for the extension of probation at any time prior to the expiration of the term of probation. Finally, Rule of Criminal Procedure 32.1 and 18 U.S.C. § 3565 allow for the extension or revocation of probation if a petition is filed within the probationary period alleging a violation of probation. Because no petitions were filed during the probationary period, the Magistrate Court was without authority to impose the second 12 month probationary period.[2]

**Appellee's Response**

The government argues that the Magistrate Judge intended for the probationary period to be extended until the fine was paid in full. As long as the fine was outstanding, then so was the probationary period. The record on January 19, 2005, clearly reflects that the stay during appeal was to both the fine and the probationary period. The Probation Act gives courts jurisdiction to impose a fine and place a defendant on probation for the time period in which the fine is in repayment, and courts are allowed to set the terms and conditions of probation in the interests of the public and the defendant. Here, it was made clear at the January 19, 2005, sentencing that the probationary period would be in effect after the appeal was ruled on and until the fine was paid in full. The probationary period was not to begin until after the appeal was ruled upon. On March 14, 2006, the Court lifted the previously imposed stay, which lifted both the term of probation

---

[2] Dix also argues that the term of probation violates Double Jeopardy and Due Process. Given the Court's resolution of this appeal, it is not necessary to address these arguments.

and the fine.  The March 14, 2006, hearing was thus not to impose a new sentence.  This is not an issue of modification or revocation as Dix suggests.  Rather, the sentence imposed was merely an "extension" of the original sentence that his term of probation regarding the fine would not expire until the fine was paid.  The magistrate court simply imposed its original sentence.

## LEGAL STANDARD

In part, 18 U.S.C. § 3563 authorizes a court to modify conditions of probation and states:

> The court may modify, reduce, or enlarge the conditions of a sentence of probation at any time prior to the expiration or termination of the term of probation, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the conditions of probation.

18 U.S.C. § 3563(c).

Similarly, 18 U.S.C. § 3565 allows a court to continue a defendant on probation and to revoke probation after expiration of the probationary term.  The statute states in part:

> (a) Continuation or revocation.  If the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the court may, after a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, and after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable – (1) continue him on probation, with or without extending the term or modifying or enlarging the conditions . . . .
> . . . .
>
> (c) Delayed revocation. The power of the court to revoke a sentence of probation for violation of a condition of probation, and to impose another sentence, extends beyond the expiration of the term of probation for any period reasonably necessary for the adjudication of matters arising before its expiration if, prior to its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation

18 U.S.C. § 3565(a), (c).

Finally, 18 U.S.C. § 3564 addresses the commencement and the extension of probation and states in part:

> (a) Commencement. A term of probation commences on the day that the sentence of probation is imposed, unless otherwise ordered by the court.
> . . . . .
>
> (d) Extension. The court may, after a hearing, extend a term of probation, if less than the maximum authorized term was previously imposed, at any time prior to the expiration or termination of the term of probation, pursuant to the provisions applicable to the initial

5

setting of the term of probation.

18 U.S.C. § 3564(a), (d).

Generally, the interpretation of a sentencing order, and thus the commencement of a term of probation, is governed by the sentencing court's intent. See United States v. Freeman, 922 F.2d 1393, 1395 (9th Cir.1991); United States v. Levitt, 799 F.2d 505, 507 (9th Cir. 1986). There is a strong legal presumption that a sentence commences when issued only if a court fails to specify a commencement time for probation. See Freeman, 922 F.2d at 1396; United States v. Adair, 681 F.2d 1150, 1151 & n.3 (9th Cir. 1982); Gaddis v. United States, 280 F.2d 334, 336 (6th Cir. 1960) ("In the absence of express language in the pronouncement of sentence fixing the date of commencement of probation, it is deemed to commence when the Judge imposes the sentence."); cf. 18 U.S.C. § 3564(a).

A court may stay the imposition of a fine pending appeal on any terms that the court deems appropriate. Fed. R. Crim. Pro. 38(c). A court may also stay a sentence of probation pending appeal, but must set the terms of such a stay. Fed. R. Crim. Pro. 38(d).[3]

**DISCUSSION**

The critical aspect of this appeal is the sentence of January 19, 2005, and when the term of probation commenced. After reviewing the January 19, 2005 sentencing/hearing, the Court cannot agree with the government's contention that the sentence clearly indicates that the probationary period would not begin until the appeal had terminated. The sentence imposed was a $500 fine *and* a term of 12 months probation. See January 19, 2005, Transcript at 54. The

---

[3] Rules of Criminal Procedure 38(c) and 38(d) read:
(c) Fine. If the defendant appeals, the district court, or the court of appeals under Federal Rule of Appellate Procedure 8, may stay a sentence to pay a fine or a fine and costs. The court may stay the sentence on any terms considered appropriate and may require the defendant to:
(1) deposit all or part of the fine and costs into the district court's registry pending appeal;
(2) post a bond to pay the fine and costs; or
(3) submit to an examination concerning the defendant's assets and, if appropriate, order the defendant to refrain from dissipating assets.
(d) Probation. If the defendant appeals, the court may stay a sentence of probation. The court must set the terms of any stay.

Magistrate Judge expressly stayed the imposition of the fine.  See id. ("I will stay payment of that fine until such time as your appeal has been perfected."); cf. Fed. R. Crim. Pro. 38.  There was no such express stay of the probationary period.  The Magistrate Judge did indicate his intention to keep Dix on probation until the fine was paid, but also stated that he had the authority to "extend" the probationary term if the fine was not paid and "if for some reason [the] appeal isn't perfected at the end,[4] I may have to *extend* that."  Id. (emphasis added).  This clearly shows that the probationary term was not stayed.  The government's argument that the probationary term was stayed is based on the last grammatical sentence of the penalty sentence imposed: "And I can tell you now, you won't be taken off probation until the fine is paid if your appeal is unsuccessful."  Id.  In context, this grammatical sentence relates to the prior warning that probation may have to be *extended* if the appeal was still pending at the completion of the 12 month term.  See id.  The term of probation was set at 12 months, it was not open-ended.  The potential for extending probation for failure to pay the fine is not the same as an actual extension.  The government's argument that the last grammatical sentence stayed the imposition of probation is unpersuasive:  the imposition of the fine was stayed pending appeal, the probationary period was not.

The January 19, 2005, sentence does not expressly state when the probationary period was to commence.  Because only the imposition of the fine was stayed, the 12 month probationary period began when the sentence was imposed on January 19, 2005.  See 18 U.S.C. § 3564(a); Freeman, 922 F.2d at 1396; Adair, 681 F.2d at 1151; Gaddis, 280 F.2d at 336.  There is no disagreement that the probationary period could have been extend beyond the 12 month period.  However, 18 U.S.C. § 3563(c) allows for modifications of probation "at any time prior to the expiration or termination of the term of probation."  Similarly, 18 U.S.C. § 3565(a) allows for the continuation of probation if a defendant violates a condition of probation prior to expiration, and 18 U.S.C. § 3565(c) only allows for revocation post-expiration when a warrant or summons was issued regarding a probation violation prior to the expiration of probation.  Finally, 18

---

[4] In context, "the end" refers to the 12 month term.  See January 19, 2005, Transcript at 54.

U.S.C. § 3564(d) allows for the extension of a term of probation "at any time prior to the expiration or termination of the term of probation." The original 12 month probationary term ended after January 19, 2006. Dix was given his additional or extended 12 month probationary term on March 14, 2006, well after the original 12 month probationary term had ended. There appears to have been no attempt prior to January 19, 2006, to revoke, continue, or modify the original 12 month probationary term. An attempt to modify, extend, or revoke probation must be made within the probationary term. See 18 U.S.C. §§ 3563(c), 3564(d), 3565(a) and (c); see also United States v. Schmidt, 99 F.3d 315, 317-18 (9th Cir. 1996) (noting that revocation after expiration of probation term was proper were summons was issued prior to expiration);[5] United States v. Humphress, 878 F. Supp. 168, 170-71 (D. Or. 1994); cf. Freeman, 922 F.2d at 1394-95 (discussing former 18 U.S.C. § 3563(c) and stating that a court "may not revoke a probationary sentence once it has expired."). Because the original 12 month probationary period had already expired by March 14, 2006, the Magistrate Court lacked the jurisdiction to impose the additional or extended 12 month term of probation. Therefore, the second 12 month term of probation imposed on March 14, 2006, was improper and Dix's motion to reduce sentence should have been granted. The 12 month term of probation imposed in March 2006 will be vacated, but the $500 fine remains valid.[6] See United States v. Pridgeon, 153 U.S. 48, 62 (1894).

## CONCLUSION

Dix challenges the imposition of the 12 month term of probation on March 14, 2006. The government contends that the January 19, 2005, sentence of a $500 fine and 12 months probation was completely stayed during the appeal. However, the sentence imposed in January 2005 stayed only the imposition of the fine, the probationary period was not stayed. Since it was not stayed, the term of probation commenced on January 19, 2005. Between January 19, 2005, and January 19, 2006, there is no indication that any attempt to revoke, extend, or modify probation was

---

[5] Overruled on other grounds in United States v. Palomba, 182 F.3d 1121, 1123 (9th Cir. 1999).

[6] There is no argument that the $500 fine was improper or is in anyway infirm.

8

made. Thus, probation was successfully completed on January 19, 2006, and the Magistrate Court was without authority to impose an additional period of probation. The imposition of the additional 12 month term of probation on March 14, 2006, was improper.

Accordingly, IT IS HEREBY ORDERED that:

1. The Magistrate Court's order on Defendant's motion to modify sentence is REVERSED;
2. The portion of Defendant's sentence of "a minimum 12 months unsupervised probation" is VACATED; and
3. This case is REMANDED to the Magistrate Court to impose the legal portion of the sentence, that is, the fine.

IT IS SO ORDERED.

**Dated:   June 12, 2007**            /s/ Anthony W. Ishii
                                      UNITED STATES DISTRICT JUDGE